UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIANCE FUNDING GROUP | CIVIL ACTION |
| VERSUS | NO. 23-4039 |
| WISZNIA COMPANY, INC., ET AL. | SECTION "O" |

### ORDER AND REASONS

Plaintiff Alliance Funding Group ("AFG") moves[1] for summary judgment against Defendants Wisznia Company, Inc. ("Wisznia Co.") and Marcel Wisznia, the President of Wisznia Co, on grounds that competent summary judgment evidence proves Defendants breached the Business Loan and Security Agreement (the "Agreement") between AFG and Wisznia Co. The Court has considered AFG's motion,[2] Defendants' response,[3] AFG's reply,[4] and the summary judgment record. For the following reasons, AFG's motion for summary judgment is **GRANTED**.

### I. BACKGROUND

The facts are few and straightforward. AFG is a privately-held equipment financing company based in Tustin, California.[5] Wisznia Co. is a New Orleans-based architectural firm with Marcel Wisznia serving as its Principal and President.[6] On November 9, 2022, AFG and Wisznia Co. executed the Agreement whereby AFG

---

[1] ECF No. 12.
[2] *Id.*
[3] ECF No. 15.
[4] ECF No. 21.
[5] ECF No. 2 ¶ 1.
[6] ECF No. 12-1 at 2.

loaned Wisznia Co. $200,000.[7] Marcel Wisznia signed the Agreement on behalf of Wisznia Co.[8] He also signed as the Personal Guarantor for the company's loan.[9] On that day, AFG disbursed $196,000 to Wisznia Co.[10] Including fees and interest, the Agreement required Wisznia Co. to repay AFG $244,000.12 in 52 installment payments of $4,692.31 each.[11]

The Agreement is "governed by and construed in accordance with the laws of the state of California."[12] Under its terms, the "fail[ure] to make any payment required under [the] Agreement when due" constitutes an "Event of Default."[13] And "upon the occurrence of any Event of Default[,] all Indebtedness [would] become immediately due and payable[.]"[14]

According to AFG, Wisznia Co. made 28 installment payments of $4,692.31, but "went dark" in early 2023.[15] On May 31, 2023, AFG placed Defendants in default.[16] AFG subsequently filed the underlying complaint asserting breach of

---

[7] ECF No. 12-5 at 2, 9.
[8] ECF No. 12-5 at 9.
[9] *Id*. As part of the Agreement, Marcel Wisznia executed a "Personal Guaranty" through which he "unconditionally guarant[eed] that [Wisznia Co. would] fully and promptly pay all Indebtedness under the Agreement with [AFG] when due . . . ." ECF No. 12-5 at 6. AFG represents that this "Personal Guaranty" provision was an "express condition of AFG's entry into the Agreement." ECF No. 12-1 at 3.
[10] ECF No. 12-5 at 2; ECF No. 12-6. The Agreement also includes a loan origination fee of $4,000, which was deducted from the loan amount. ECF No. 12-5 at 2.
[11] *Id*.
[12] *Id*. at 5.
[13] *Id*. at 4.
[14] *Id*. According to the Agreement, "[t]he indebtedness of [Defendants] to AFG on account of the Loan, plus other amounts owed by [Defendants] under this Agreement, however arising, is referred to herein as '[i]ndebtedness.'" ECF No. 12-5 at 2.
[15] ECF No. 12-3 ¶¶ 12, 14. Despite going "dark," AFG points to activity on Wisznia Co.'s website and the receptionist answering the phone during business hours. *Id*.
[16] ECF No. 12-4 ¶ 17.

contract against both Wisznia Co. and Marcel Wisznia.[17] AFG alleges that Defendants owe AFG the remaining loan balance of $127,041.37, plus costs and fees.[18]

AFG now moves for summary judgment on its breach-of-contract claim, arguing that AFG is entitled to the Agreement's "indebtedness" remedy plus costs and fees.[19] Defendants oppose the motion, but do not dispute that Marcel Wisznia signed the Agreement nor that Defendants failed to make 52 payments.[20] Rather, Defendants claim that the contract was unconscionable and thus void.[21]

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[17] ECF No. 2.
[18] ECF No. 2 ¶¶ 24–25.
[19] ECF No. 12.
[20] ECF No. 15. Defendants' response to AFG's motion for summary judgement was not filed timely and the Court has discretion to disregard the pleading. *See* LOCAL CIVIL RULE 7.5. While the Court does not countenance the late filing, given the straightforward nature of the dispute, the Court will address Defendants' arguments on the merits.
[21] *Id.*

any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

"When the movant also carries the burden of proof at trial," as AFG does here, "the burden is even higher; [Plaintiff] must establish beyond peradventure *all* of the essential elements of the claim[.]" *Cunningham v. Circle 8 Crane Servs., L.L.C.*, 64 F.4th 597, 600 (5th Cir. 2023) (internal citation and quotation marks omitted) (emphasis in original).

"Only if the movant succeeds must the nonmovant designate specific facts showing that there is a genuine issue for trial." *Id.* (internal citation and quotation marks omitted). In considering the record, the Court "view[s] the evidence in the light most favorable to the nonmovant[s]"—here, Wisznia Co. and Marcel Wisznia—"and draw[s] all reasonable inferences in [their] favor." *Flores v. Wal-Mart Stores Texas, L.L.C.*, 855 F. App'x 203, 204 (5th Cir. 2021) (quoting *Adams v. Alcolac, Inc.*, 974 F.3d 540, 543 (5th Cir. 2020)). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

### III. ANALYSIS

As a starting point, the parties do not dispute that the Agreement contains a choice-of-law provision dictating that the lawsuit will be "governed by and construed

4

in accordance with the laws of the state of California."[22] District courts sitting in diversity apply the choice-of-law rules of the forum state. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). Under Louisiana law, "[t]he words of a contract must be given their generally prevailing meaning." LA. CIV. CODE ANN. art. 2047. "Louisiana generally allows parties to select the law that will determine the outcome of the disputes arising from a contract." *Verdine v. Ensco Offshore Co.*, 255 F.3d 246, 250 (5th Cir. 2001). And Louisiana courts typically will not invalidate a choice-of-law provision agreed upon between parties unless the chosen law violates a strong public policy of the state. *Curtis Callais Welding, Inc. v. Stolt Comex Seaway Holdings, Inc.*, 129 F. App'x 45, 52 (5th Cir. 2005). Here, Defendants do not dispute or even address the contention that California law governs this contract; nor do they raise any policy considerations under Louisiana law.[23] Thus, the Court finds that California law governs the Agreement.

To prove breach-of-contract under California law, AFG must establish each of the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Albers v. Paul Revere Ins. Grp.*, No. 22-15100, 2023 WL 3862514, at *1 (9th Cir. June 7, 2023); *CDF Firefighters v. Maldonado*, 70 Cal. Rptr. 3d 667, 679 (Ct. App. 2008). Through competent summary judgment evidence, AFG has met each of these elements.

---

[22] ECF No. 12-1 at 2; ECF No. 12-5 at 5.
[23] ECF No. 15.

First, AFG alleges that the contract's existence is "undeniable both factually and legally," and includes a copy of the executed Agreement and addendum as summary judgment evidence.[24] Defendants do not dispute the execution of the Agreement, but instead argue that the Agreement is a contract of adhesion, unconscionable, and thus void.[25] Specifically, Defendants argue that the Agreement "deals with unequal bargaining party [sic]," because AFG was in the business of providing funds to companies.[26] According to Defendants, AFG gave no consideration to "the ability of the signatory [Marcel Wisznia] to comprehend the contract," which contained "a vast amount of fine print" and was "very favorable" to AFG.[27] Defendants also allege that AFG "t[oo]k[] advantage" of Defendants, who needed cash flow to operate their business and "did not have anywhere to turn."[28]

In raising unconscionability, Defendants do not cite to a California case or statute (and instead, confusingly cite to several other state courts, including Utah). "Under California law, 'the doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results.'" *Keebaugh v. Warner Bros. Ent. Inc.*, No. 22-55982, 2024 WL 1819651, at *12 (9th Cir. Apr. 26, 2024) (quoting *Baltazar v. Forever 21, Inc.*, 367 P.3d 6, 11 (Cal. 2016)). "The prevailing view is that [procedural and substantive unconscionability] must *both* be present in

---

[24] ECF No. 12-1 at 6; ECF No. 12-5.
[25] ECF No. 15.
[26] *Id.* at 3.
[27] *Id.*
[28] *Id.*

6

order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Baltazar*, 367 P.3d at 11 (internal quotations omitted).

Defendants argue neither procedural nor substantive unconscionability, and otherwise have not "designate[d] specific facts showing that there is a genuine issue" as to the Agreement's unconscionability. *Cunningham*, 64 F.4th at 600 (internal citation and quotation marks omitted). Defendants cite no authority for the sweeping proposition that a lender issuing a business loan in the ordinary course of its business, or including "fine print" in such a loan, is in any way unlawful under California law. Nor do they supply any meaningful reason why the Agreement would be invalid or ineffectual as a factual matter. Borrowers often need funds urgently and are limited in their financing options; that does not render the resulting loan agreements "unconscionable." Moreover, Defendants fail to allege specific facts showing that the Agreement's result is so surprising or one-sided as to be substantively unconscionable under California law. Accordingly, the first element is met, and the Court finds that there is no genuine dispute over the existence of the contract.

As to AFG's performance, the second element of a breach-of-contract claim, AFG alleges that it performed under the Agreement in disbursing the loan principal of $196,000 to Wisznia Co.[29] Along with its motion, AFG includes the wire receipt

---

[29] ECF No. 12-1 at 6; ECF No. 12-6. The loan disbursement amount is listed as $196,000 under the section titled "Loan Terms and Conditions." ECF No. 12-5 at 2.

confirming the transfer of $196,000 to Wisznia Co. on November 9, 2022.[30] AFG argues that Defendants' 28 payments to AFG, as shown on the loan payment records, further shows AFG's performance on the Agreement.[31] These payments totaled $117,457.75, with the first payment on November 16, 2022.[32] The Court finds AFG carries its burden here, and this element is met.

As to the third element, AFG argues that Defendants breached when they failed to make payments in accordance with the Agreement's payment schedule.[33] By the Agreement's express terms, failure to "make [] payment [as] required" is an "Event of Default."[34] According to the Account Statement and payment records, Defendants made their last payment on May 24, 2023, and were placed in default shortly thereafter.[35] Defendants do not deny that they "went dark" and were in default.[36] Thus, AFG has met the third element.

As to damages to AFG, the final element, AFG alleges that "Defendants' breach has damaged AFG by precluding [AFG] from receiving $127,041.37 . . . and forcing [AFG] to spend money and time to vindicate that right in this litigation."[37] Payment records show that Defendants stopped making payments in May 2023.[38] Defendants offer no counter. The Court agrees that AFG has suffered damages due to Defendants' breach.

---

[30] ECF No. 12-6.
[31] ECF No. 12-3 ¶ 12; ECF No. 12-7.
[32] ECF No. 12-4 ¶ 11; ECF No. 12-5 at 1; ECF No. 12-7.
[33] ECF No. 12-1 at 6.
[34] ECF No. 12-5 at 4.
[35] *Id.* at 1; ECF No. 12-7.
[36] ECF No. 12-3 ¶ 14.
[37] ECF No. 12-1 at 6; ECF No. 12-5 at 1.
[38] ECF No. 12-7.

For these reasons, AFG is entitled to summary judgment under California law on its breach-of-contract claim. Turning to the question of damages, AFG seeks to enforce the "Remedies" provision of the Agreement.[39] That provision waives any notice to the parties, and states that if an Event of Default occurs, "all Indebtedness will become immediately due and payable, all without notice of any kind to [Wisznia Co.] or any Guarantor [Marcel Wisznia]."[40] The clause further requires Defendants to reimburse AFG for "charges, costs, expenses and attorney's fees" incurred by AFG in enforcing the Agreement.[41]

California law renders this provision operable. *See* CAL. CIV. CODE § 1717 (West) ("[W]here the contract specifically provides that attorney's fees and costs . . . shall be awarded, . . . the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs."). "The goal is to put the plaintiff 'in as good a position as he or she would have occupied' if the defendant had not breached the contract." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 102 P.3d 257, 261 (Cal. 2004) (quoting 24 Williston on Contracts, § 64:1, at 7 (4th ed. 2002)). "In other words, the plaintiff is entitled to damages that are equivalent to the benefits of the plaintiff's contractual bargain," provided that such damages do not "exceed what [the plaintiff] would have received if the contract had been fully performed on both sides." *Id.*

---

[39] ECF No. 12-1 at 6; ECF No. 12-5 at 4.
[40] *Id.*
[41] *Id.*

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that AFG's motion[42] for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that AFG must file by November 8, 2024 a motion and memorandum detailing the expenses and attorney's fees AFG incurred in enforcing the Agreement, along with an affidavit supporting them.

New Orleans, Louisiana, this 25th day of October, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[42] ECF No. 12.