UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIANCE FUNDING GROUP | CIVIL ACTION |
| VERSUS | NO. 23-4039 |
| WISZNIA COMPANY, INC., ET AL. | SECTION: "O" (3) |

## ORDER AND REASONS

Before the Court is a Motion for Attorney's Fees filed by Plaintiff Alliance Funding Group (R. Doc. 28). Upon previously granting Plaintiff's motion for summary judgment, the District Court held that Plaintiff was entitled to reimbursement for its costs incurred and reasonable attorney's fees expended in asserting this breach-of-contract action and directed Plaintiff to file a motion so seeking.[1] Plaintiff now asks the Court to award it a total of $24,997 in costs and attorney's fees.[2] Defendants Wisznia Company, Inc. and Marcel Wisznia (collectively, "Defendants"), have filed no opposition. Having carefully reviewed Plaintiff's request in the light of the applicable law and record facts, the Court will grant the Motion.

**I. Law and Analysis**

The District Court having already held that Plaintiff is entitled to reasonable attorney's fees in this matter, the only issue remaining before the Court is the quantum of that award. Courts in the Fifth Circuit use a two-step method to

---

[1] R. Doc. 24 at 9.
[2] R. Doc. 28-1 at 3–4.

1

determine a reasonable award of attorney's fees. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016). The court must first calculate the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392 (citation omitted). After calculating the lodestar, the court may decrease or enhance that amount based on its evaluation of the twelve *Johnson* factors.[3] *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). Still, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Id.* (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar should thus "be modified only in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

"[R]easonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The fee applicant bears the burden of showing "that the requested rates are in line with those

---

[3] The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated in part by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989).

prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. An attorney's requested hourly rate is *prima facie* reasonable, however, if unopposed. *Shaw v. Ciox Health, LLC*, 2021 WL 928032, at *2 (E.D. La Mar. 11, 2021) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990)).

Plaintiff has submitted the affidavit of an experienced attorney attesting based on his years of practice in New Orleans and Louisiana that Plaintiff's requested hourly rates are reasonable in the light of "(a) the time and labor required, the novelty and difficulty of the questions presented, and the skill needed to perform such services effectively, (b) the fee customarily charged in New Orleans for similar services, (c) the amount in controversy, (d) the successful result obtained, and (e) the experience, reputation, and ability of the lawyers and law firm performing the services."[4] Moreover, Defendants have asserted no opposition. Plaintiff has thus carried its burden to show that the requested hourly rates are reasonable.

Additionally, in calculating the lodestar "[t]he court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins*, 7 F.3d at 457. The fee applicant bears the burden of showing that the time expenditures for which fees are sought is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Fee applicants are expected to exercise "billing judgment" by making "a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise

---

[4] R. Doc. 28-3 at 2.

unnecessary[;]" i.e., hours that were not reasonably expended. *Id.* at 343, 347. The Court finds no failure to exercise billing judgment or want of good faith in Plaintiff's unopposed assertion that the hours for which it seeks reimbursement in this matter were reasonably expended.[5] The Court thus finds no basis to reduce the lodestar from the amount requested.

Given the "strong presumption" that the lodestar amount is reasonable, and in the absence of any opposition, the Court also finds no exceptional circumstance present in this case justifying modification of the lodestar under the *Johnson* factors. Plaintiff's request for $24,997 in costs and attorney's fees is reasonable and will be granted.

**II. Conclusion**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees (R. Doc. 28) is **GRANTED** and that Defendants must jointly pay Plaintiff the total sum of $24,997.00, representing $502.00 for Plaintiff's costs in bringing this action and $24,495.00 in reasonable attorney's fees, no later than **January 31, 2025**.

New Orleans, Louisiana, this 6th day of January, 2025.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[5] *See* R. Doc. 28-4.